UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

IN RE DAVID A. BOVA,

                Debtor,

Case No. 00-16218-1
(REL)

USR GROUP, INC.,

                Appellant,

Civil Action
1:05-CV-045
(LEK)

-against-

DAVID A. BOVA,

                Appellee.

**<u>MEMORANDUM, DECISION AND ORDER</u>**

On December 16, 2004, Appellant USR Group, Inc. ("Appellant") filed with this Court a Notice of Appeal from an Order of the United States Bankruptcy Court for the Northern District of New York, entered on December 6, 2004. For the following reasons, the appeal is denied.

**I.  BACKGROUND**

Debtor David A. Bova ("Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") in November 2000. Dkt. No. 5 at 4. O'Connor ("Trustee") was appointed trustee. Dkt. No. 7 at 1. On June 29, 2004, the Trustee received an offer from Appellant to acquire an interest in real property owned by Debtor.[1] Dkt. No. 5 at 4. On July 23, 2004, the Trustee sent correspondence to Appellant advising that its offer

---

[1] The real property in question was located at 17 Shereen Lane, Latham, New York 12110. Dkt. No. 1.

was unacceptable and invited Appellant to make a further offer. Dkt. No. 7 at 1. Shortly thereafter on August 12, 2004, without making a further offer to the Trustee, Appellant filed a motion to delay closing of Debtor's bankruptcy case. Dkt. No. 3, Ex. 7. This motion to delay was denied by the Bankruptcy Court on September 9, 2004 upon the finding that Appellant did not have standing to file such a motion. Dkt. No. 3, Ex. 21. The Trustee filed a completion report and Debtor's bankruptcy case was administratively closed on September 14, 2004. Dkt. No. 3, Ex. 13.

Subsequent to the case closing, Appellant contacted the Trustee advising that it was still interested in acquiring the real property. Dkt. No. 7 at 2. On October 14, 2004, the Trustee made a motion to reopen Debtor's bankruptcy case for the purpose of filing a motion for the Bankruptcy Court to reconsider the Final Decree. Dkt. No. 3, Ex. 16. Debtor objected to the motion to reopen on the ground that even if the case were reopened, the scheduled asset had been abandoned and, therefore, the Trustee could not administer the asset. Dkt. No. 3, Ex. 17. Appellant filed no papers either supporting or opposing the Trustee's motion to reopen. Dkt. No. 7 at 2. On December 6, 2004, the Bankruptcy Court denied the Trustee's motion to reopen. Dkt. No. 3, Ex. 19. The Trustee has not appealed the December 6, 2004 decision of the Bankruptcy Court. Dkt. No. 6 at 4.

**II.     DISCUSSION**

Appellant's Notice of Appeal challenges the December 6, 2004 order of the Bankruptcy Court denying the Trustee's motion to reopen Debtor's bankruptcy case. Notice of Appeal (Dkt. No. 1). Yet, Appellant's Memorandum of Law solely addresses the September 9, 2004 order of the Bankruptcy Court denying Appellant's motion to delay the closing of Debtor's bankruptcy

case as a result of the Court's determination that Appellant lacked standing, and it also argues "that the Trustee could have and should have challenged Debtor's refinancing [of the real property] during the pendency of the bankruptcy proceeding." Appellant's Memo. (Dkt. No. 5) at 4. Pursuant to Appellant's Notice of Appeal, this Court will only address the December 6, 2004 order of the Bankruptcy Court and disregard those issues not presented to the Bankruptcy Court or properly designated on appeal.

Both Debtor and the Trustee contend that Appellant has no standing to appeal the December 6, 2004 order of the Bankruptcy Court denying the Trustee's motion to reopen.[2] Debtor's Memo. (Dkt. No. 6) at 5; Trustee's Memo. (Dkt. No. 7) at 5. "Whether a claimant has standing is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'" Licensing by Paolo, Inc. v. Sinatra, 126 F.3d 380, 387-88 (2d Cir. 1997) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)).

"As a general Second Circuit rule, 'in order to have standing to appeal from a bankruptcy court ruling, an appellant must be a person aggrieved - a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court.'" In re Victory Mkts., Inc., 1995 B.R. 9, 15 (N.D.N.Y. 1996) (McAvoy, C.J.) (quoting Int'l Trade Admin. v. Rensselaer Polytechnic Inst., 936 F.2d 744, 747 (2d Cir. 1991)); see also Kabro Assoc. v. Colony Hill Assocs. (In re Colony Hill Assocs.), 111 F.3d 269, 273 (2d Cir. 1997); O'Brien v. Vermont Agency of Natural Res. (In re O'Brien), 184 F.3d 140, 142 (2d Cir. 1999). "In contrast to Article III's 'injury in fact' test, the financial injury requirement makes it more difficult to secure

---

[2] Debtor also requests that sanctions be awarded as a result of Appellant's filing of what Debtor considers to be a frivolous appeal. Debtor's Memo. (Dkt. No. 6) at 10-12. The Court does not find that sanctions are appropriate in this case.

appellate standing in bankruptcy cases than in other kinds of civil actions." In re Victory Mkts., Inc., 1995 B.R. at 15 (quoting Kane v. Johns-Manville Corp., 843 F.2d 636, 642 n.2 (2d Cir. 1988); Royal Ins. Co. v. McCrory Corp., 176 B.R. 318, 320 (S.D.N.Y. 1995)). "This rule is designed to streamline bankruptcy proceedings by denying appellate standing to the typically large number of parties whose interests are only indirectly affected by bankruptcy court orders." In re Victory Mkts., Inc., 1995 B.R. at 15 (citing Kane, 843 F.2d at 642).

Appellant is not deprived of standing by the fact that it was not a party to the bankruptcy proceeding. See Hickox v. Friedland, 1999 U.S. Dist. LEXIS 16163, at *14 (S.D.N.Y. Oct. 21, 1999). In Int'l Trade Admin. v. Rensselaer Polytechnic Inst., 936 F.2d 744 (2d Cir. 1991), a Chapter 7 trustee filed a motion with the bankruptcy court for an extension of time in which to assume or reject a ground lease three days before the deadline. Id. at 746. The bankruptcy court denied the motion to extend. Id. While the trustee did not appeal to the district court, Home & City Savings Bank, a non-party which held a mortgage on the debtor's leasehold interest, did appeal the bankruptcy court's order. Id. The Second Circuit, applying the "directly and adversely affected pecuniarily by the challenged order of the bankruptcy court" appellate standing test, found that the Bank possessed appellate standing. Id. at 748. The Second Circuit reasoned that the trustee's failure to assume the unexpired lease would constitute a rejection and the trustee would immediately surrender the property to the lessor, and the security for the Bank's $2 million loan to the debtor would be worthless. Id. at 747-48.

In the present case, Appellant makes no similar showing that it has been "directly and adversely affected pecuniarily" by the Bankruptcy Court's denial of the Trustee's motion to reopen. Even if the Bankruptcy Court granted the motion to reopen, Appellant does not address

4

whether the real property in question is not already abandoned and whether it could be administered by the Trustee. Additionally, the Trustee is not in possession of an enhanced offer from Appellant and there is no showing of any existing negotiation between Appellant and the Trustee. Dkt. No. 7 at 3. At best, the Bankruptcy Court's order has an "unsubstantiated, speculative, and indirect effect" on Appellant's pecuniary interests. In re Victory Mkts., Inc., 1995 B.R. 9, 16 (N.D.N.Y. 1996) (McAvoy, C.J.); Exco Res., Inc. v. Milbank, Tweed, Hadley & McCloy LLP (In re Enron Corp.), 2003 U.S. Dist. LEXIS 1442, at *3-4 (S.D.N.Y. Feb. 3, 2003). Therefore, the Court finds that Appellant is not an aggrieved person with standing to appeal the December 6, 2004 order of the Bankruptcy Court.

### III. CONCLUSION

Accordingly, it is hereby:

ORDERED, that the appeal is **DENIED** and the December 6, 2004 order of the Bankruptcy Court is **AFFIRMED**; and it is further

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

DATED:   July 07, 2005
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge